# EXHIBIT A

| | |
|---|---|
| 1 | Joshua G. Konecky (SBN 182897) |
| | SCHNEIDER WALLACE |
| 2 | COTTRELL KONECKY LLP |
| | 180 Montgomery Street, Suite 2000 |
| 3 | San Francisco, California 94104 |
| | Tel: (415) 421-7100 |
| 4 | Fax: (415) 421-7105 |
| | TTY: (415) 421-1665 |
| 5 | |
| 6 | Jeremy Pasternak (SBN 181618) |
| | LAW OFFICES OF JEREMY PASTERNAK |
| 7 | 445 Bush Street, Sixth Floor |
| | San Francisco, California 94108 |
| 8 | Tel: (415) 693-0300 |
| | Fax: (415) 693-0393 |

Attorneys for the Putative Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA SHANKLE [ADD NAME] on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TPG CAPITAL, L.P., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 12-C-06181 CRB<br><br>**COUNSEL'S CASE MANAGEMENT CONFERENCE REPORT ON BEHALF OF THE PUTATIVE CLASS**<br><br>Date: March 8, 2013<br>Time: 8:30 a.m.<br>Judge: Hon. Charles R. Breyer<br>Courtroom: No. 6, 17th Floor |

**CASE MANAGEMENT CONFERENCE STATEMENT**
*Shankle, et al., v. TPG Capital, L.P.,* Case No.: 12-C-06181 CRB

The law firm of Schneider Wallace Cottrell Konecky LLP and the Law Offices of Jeremy Pasternak (hereafter "Counsel") provide this status report for the Court's consideration during the Case Management Conference on March 8, 2013. On February 6 and 7, 2013, Counsel met and conferred with Defendant's counsel concerning the issues outlined in the Court's Standing Order regarding Case Management Conference Statements. For the reasons discussed below, this statement does not address most of those issues and is not submitted jointly.

## I.  THE CLASS ACTION COMPLAINT

This is a "wage and hour" case filed as a class action to address the defendant's alleged misclassification of "Administrative Assistants" as exempt from overtime protections under California law. The Complaint was originally filed in California State Court on November 7, 2012, and removed to this Court on December 6, 2012, based on diversity jurisdiction under the Class Action Fairness Act. The case seeks to represent a class of "individuals employed as Administrative Assistants or Executive Assistants at TPG Capital, L.P. in California at any time within four years prior to the filing of this complaint until January 1, 2012." *See* Doc. 13-1 at ¶ 18.

## II.  MOTION TO BE RELIEVED AS COUNSEL FOR NAMED PLAINTIFF

Counsel have filed a motion to be relieved as counsel for the named Plaintiff, Erica Shankle. *See* Doc. 18. As explained in that motion, Defendant made an "Offer of Judgment" to Ms. Shankle for money to be paid only to her and her counsel, "in total satisfaction of any and all claims that Plaintiff has brought in this action." *See* Exhibit A to Declaration of Joshua Konecky ("Konecky Decl.") in Support of Motion to be Relieved as Counsel for Individual Plaintiff. *See* Doc. 19. Initially, Plaintiff informed Defendant that she could not accept the offer because Rule 68 offers such as the one made by Defendant were inconsistent with FRCP 23 and accepting just an individual settlement would create a conflict of interest with the putative class. *Id.* at ¶ 4 & Exhibit B. Approximately two months later, however, Ms. Shankle contacted defense counsel directly to negotiate a resolution of her individual case, and then informed her counsel she wished to discharge them. *Id.* at ¶ 5 & Exhibit C. Thereafter, Counsel made a motion to be relieved as counsel for Ms. Shankle. *See* Doc. 18. The motion is noticed for hearing on March 29, 2013.

1

**CASE MANAGEMENT CONFERENCE STATEMENT**
*Shankle, et al., v. TPG Capital, L.P.,* Case No.: 12-C-06181 CRB

III. **CURRENT STATUS**

The undersigned Counsel are not privy to whether there have been further discussions between Ms. Shankle and Defendant. Counsel called Defendant's counsel on February 27, 2013, to discuss the pending Case Management Conference, but no substantive discussions have occurred.

As indicated in Counsel's motion, however, Counsel still seek to represent the interests of the putative class. In this respect, there is at least one motion that counsel may wish to present to the Court in the short term. This would be a motion for the Court to direct that a notice be sent to the members of the putative class to inform them of the procedural posture of the case, including any settlement that might otherwise result in a dismissal of the class action claims.

Rule 23(e) of the Federal Rules of Civil Procedural authorizes the federal courts to order notice to the putative class if the dismissal of the named plaintiff's claims may prejudice the class claims. *See, e.g., Culver v. City of Milwaukee*, 277 F.3d 908, 915 (7th Cir. 2002) (requiring notice to putative class members upon decertification and dismissal of class action "unless the risk of prejudice to absent class members is nil"); *Griffith v. Javitch, Block & Rathbone*, 358 B.R. 338 (S.D. Ohio 2007) (applying *Culver* and observing that the Court has a duty to prevent prejudice to putative class members even before class certification). "A major purpose of Rule 23(e) is to discourage the use of the class action device to secure an unjust private settlement for the named plaintiff to the detriment of the remainder of the putative class." Newberg on Class Actions (4th ed.) § 11:65, p. 253 (citing *Philadelphia Elec. Co. v. Anaconda Am. Brass Co.,* 42 F.R.D. 324 (E.D. Pa. 1967)). "A second major purpose of Rule 23(e) is to protect absent class members against prejudice from discontinuance of litigation brought on their behalf." *Id.* at p. 255. Thus, the importance of providing affirmative procedural protections to putative class members is particularly strong in situations where the dismissal of the original named plaintiff's claims may have been set in motion by a Rule 68 offer by the defendant. *See Griffith,* 358 B.R. at *342 ("Several courts have expressed concern that defendants should not be able to 'short-circuit' class actions by 'paying off' the named plaintiffs and mooting

1  their claims before any class certification motion is filed.") (*citing Weiss v. Regal Collections*, 385
2  F.3d 337, 342-344 (3rd Cir. 2004).
3      Counsel request the opportunity to brief these issues further before dismissal of this action
4  and/or as part of any case management schedule the Court may set.

6  Respectfully submitted,

7  Dated: March 4, 2013        LAW OFFICES OF JEREMY PASTERNAK

9                            /s/ *JEREMY PASTERNAK*
                          JEREMY PASTERNAK
                          Counsel for Plaintiffs

11  Date: March 4, 2013         SCHNEIDER WALLACE
                          COTTRELL KONECKY LLP

                          /s/ *JOSHUA KONECKY*
                          JOSHUA KONECKY
                          Counsel for Plaintiffs